UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER KOZLOWSKI, <br> and HOLLY KOZLOWSKI, <br><br> Plaintiffs <br><br> v. <br><br> PHH MORTGAGE SERVICES a.k.a. <br> CENDANT MORTGAGE, *et al.* <br><br> Defendants. | 2:12-cv-83 |

OPINION AND ORDER

This matter is before the court on the Emergency Motion to Clarify Settlement Agreement [DE 93] filed by the plaintiffs, Christopher and Holly Kozlowski, on April 9, 2013. For the following reasons, the motion is **DENIED.**

Background

The plaintiffs, Christopher and Holly Kozlowski, file a *pro se* complaint, alleging that the defendants, PHH Mortgage Services, threatened to foreclose on their home and inflicted emotional distress to sign a loan modification although the plaintiffs were up to date on all payments, causing emotional distress and harming their credit. The court held a settlement conference on August 9, 2012. The parties settled the case and filed a joint stipulation to dismiss with prejudice. The court dismissed the case on October 1, 2012. The Order stated in its entirety: "Based on the parties' joint stipulation of dismissal [docket # 89], the court orders this cause DISMISSED with prejudice."

The plaintiffs allege that following the settlement, they signed a loan modification

1

totaling 17 pages in length. The defendant subsequently contacted the plaintiffs and informed them that they did not sign and notarize the forms correctly, and asked the plaintiff to resign a 14 page loan modification. The plaintiffs filed the instant motion, explaining the events that occurred since the settlement. In paragraph 24 of the plaintiffs' motion, they state that they will sign and notarize the new modification, but question whether the modification is consistent with the settlement agreement and ask the court to oversee the modification.

## Discussion

Although the court had jurisdiction over the underlying suit, jurisdiction does not extend automatically to the enforcement of a settlement agreement. "The Supreme Court has stated that the enforcement of a settlement agreement 'requires its own basis for jurisdiction,' and that it is not simply a continuation or renewal of the original (dismissed) suit." **Pollack v. Rosalind Franklin University**, 2006 WL 3783418, *2 (N.D. Ill. 2006) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994)). There must be a deliberate retention of jurisdiction. **McCall-Bey v. Franzen**, 777 F.2d 1178, 1189-1190 (7th Cir. 1985). To accomplish this, the court specifically must state its intent to retain jurisdiction in its order dismissing the case or incorporate the terms of the dismissal in its order. **Kokkonen**, 511 U.S. at 378, 114 S.Ct. at 1675-1676. Otherwise, the court must treat the settlement agreement like any other contract, and it must have an independent basis for jurisdiction. **Lynch, Inc. v. SamataMason Inc.**, 279 F.3d 487, 489 (7th Cir. 2002); **Pollack**, 2006 WL 3783418, *2. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." **Kokkonen**, 511 U.S. at 380, 114 S.Ct. at 1677. Federal Rule of Civil Procedure 12(h) states that "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."

This matter was settled and dismissed on October 1, 2012. The court's order dismissing the case did not state explicitly that it retained jurisdiction, nor did the one-line order incorporate any of the terms of the parties' agreement. For this reason, the court does not retain jurisdiction. Moreover, in their motion, the plaintiffs stated that they would sign the loan modification as requested by the defendant. It is not clear what dispute remains and what relief, if any, the plaintiffs are seeking.

For these reasons, the Emergency Motion to Clarify Settlement Agreement [DE 93] is **DENIED.**

ENTERED this 18th day of April, 2013

/s/ Andrew P. Rodovich

United States Magistrate Judge